UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NEFT, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-536 |
| | ) | (Phillips) |
| BORDER STATES ENERGY, LLC, | ) | |
| WILLIAM STAPES (an individual), | ) | |
| JAMES T. STAPLES (an individual), | ) | |
| ANNETTE B. STAPLES (an individual), | ) | |
| LYLE H. COOPER (an individual), | ) | |
| PATRICK L. MARTIN (an individual), and | ) | |
| STEVEN A. WALLACE, (an individual), | ) | |
|     Defendants. | ) | |

And

| | | |
|---|---|---|
| BORDER STATES ENERGY, LLC, | ) | |
| WILLIAM STAPLES, JAMES T. STAPLES, | ) | |
| ANNETTE STAPLES, LYLE H. COOPER, | ) | |
| PATRICK L. MARTIN AND STEVEN A. WALLACE, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-570 |
| | ) | Consolidated with |
| NEFT, LLC, | ) | No. 3:04-CV-536 |
|     Defendant. | ) | |

## ORDER

This matter came before the court on the parties' various motions on March 18, 2005. After conferring, the parties announced to the court that they had reached an agreement on all issues, which agreement was stated upon the record [Doc. 43]. Accordingly, the following motions are **DENIED AS MOOT:** (1) NEFT's motion for temporary restraining order [Doc. 3]; (2) Border States' motion to dismiss [Doc. 6]; (3)

Border States' motion for consideration of its motion to dismiss [Doc. 10]; (4) NEFT's motion to dismiss [Doc. 22]; (5) NEFT's motion to dismiss [Doc. 3, NEFT II]; (6) Border States' motion to remand [Doc. 5, NEFT II]; (7) NEFT's motion for sanctions [Doc. 10, NEFT II].

The parties filed a joint status report on September 12, 2005, in which they state that Border States has made its first payment under the settlement agreement and delivered a note to NEFT for the full amount of the settlement. However, NEFT avers that the collateral proffered to secure the note is not acceptable to NEFT. The proposed collateral consists of four liens on (1) defendants' field drilling equipment, (2) defendants' drill site leases; (3) an option contract on a current lease of a building, and (4) shop equipment. Instead, NEFT seeks liens on real or personal property of the individual defendants, such as homes, landlots, securities, life insurance policies, bank accounts, bonds, or trusts.

The parties' settlement agreement, which was read into the record and affirmed by each party, individually, does not specify the assets to be pledged as security for the settlement. The parties stated that "[T]he note will be secured by $450,00 security acceptable to NEFT." If NEFT wanted specific items of personal or real property pledged as security, NEFT should have negotiated such. The record reflects that defendants only agreed not to sell their homes, or refinance, or undertake any major transactions for a period of 60 days, which has now expired. The court will not rewrite the parties' agreement

to include terms not included in the original agreement as reflected in the record. To the extent that NEFT is moving the court for an order to include assets other than those proffered by defendants as security for the settlement note, that motion is **DENIED.**

This case will remain on the court's docket. In the event that either party fails to perform its obligations under the settlement agreement, the aggrieved party may petition the court for relief.

**IT IS SO ORDERED**.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge