**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | |
|---|---|
| NEFT, LLC, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>BORDER STATES ENERGY, LLC, )<br>WILLIAM STAPES (an individual), )<br>JAMES T. STAPLES (an individual), )<br>ANNETTE B. STAPLES (an individual), )<br>LYLE H. COOPER (an individual), )<br>PATRICK L. MARTIN (an individual), and )<br>STEVEN A. WALLACE, (an individual), )<br>      Defendants. ) | No. 3:04-CV-536<br>(Phillips) |

## ORDER

This matter is before the court on plaintiff's motion for attorney fees [Doc. 79] and defendants' motion to correct judgment [Doc. 84].

Defendants have moved the court to clarify a perceived discrepancy between the Findings of Fact and Conclusions of Law and the Judgment entered in this case. Defendants are correct that the court's Findings of Fact and Conclusions of Law states that BSE shall reimburse NEFT for its reasonable attorneys fees and costs incurred in "enforcing the Note" and that the court's judgment order states that defendant shall reimburse NEFT for its reasonable attorneys fees and costs incurred in "enforcing the settlement." In the court's opinion, the "Note" and the "settlement" are essentially one and the same: the Note was given by BSE to NEFT in settlement of this matter. Thus, there is no discrepancy between the Findings of Fact and Conclusions of Law and the Judgment

Order, and defendants' motion to correct judgment is **DENIED.** Defendants are **ORDERED** to reimburse NEFT for its reasonable attorney fees and costs incurred in enforcing the settlement in this case.

Next, is the plaintiff's motion for attorney fees and costs [Doc. 79] which was referred to Magistrate Judge C. Clifford Shirley, Jr. for a report and recommendation. Judge Shirley filed a 11-page Report and Recommendation (R&R) [Doc. 89] in which he recommended that plaintiff be awarded $24,059.50 in attorney fees and costs. Defendants filed timely objections to the magistrate judge's report and recommendation [Doc. 90]. Defendants' objections to the R&R are a reiteration of their motion to correct judgment, and that plaintiffs should be limited to attorney's fees expended in enforcing the "Note" rather than the settlement agreement as a whole. As stated above, the court finds defendants' arguments without merit. Defendants do not object to the hourly rates established by Judge Shirley for reimbursement to plaintiffs. Therefore, after a review of plaintiff's motion for attorney fees and costs, and the record in this case, the court is in complete agreement with Magistrate Judge Shirley's recommendation that plaintiff be awarded $24,059.50 in attorney fees and costs from defendants. The court therefore **ACCEPTS IN WHOLE** the R&R under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(a). It is **ORDERED**, for the reasons stated in the R&R, which the court adopts and incorporates into its ruling, that plaintiff's motion for attorney fees [Doc. 79] is **GRANTED,** whereby plaintiff is awarded the sum of $24,059.50 in attorneys and costs.

**IT IS SO ORDERED**.

**ENTER:**

      <u>s/ Thomas W. Phillips</u>
      United States District Judge